questions posed to Doe confirms the statement's sufficiency here. Accordingly, we affirm the district court's finding Doe in contempt for refusing to answer the specific questions at issue.

## IV.

For these reasons, the district court's contempt order is affirmed. We hold that Doe is in contempt of court for refusing to comply with the grand jury subpoena dated June 22, 2005. Doe can purge himself of contempt by answering the questions posed to him by the government before the grand jury on September 21, 2005.

AFFIRMED.[3]

Vinodh Parsad MAHARAJ; Sunita Devi Maharaj; Preetika Maharaj; Meenal Maharaj; Vineet Maharaj, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Vinodh Parsad Maharaj; Sunita Devi Maharaj; Preetika Maharaj; Meenal Maharaj; Vineet Maharaj, Petitioners,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 03–71066, 03–73995.

United States Court of Appeals, Ninth Circuit.

Feb. 6, 2006.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Nancy E. Friedman, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit. Nancy E. Friedman, Esq., Washington, DC, for Respondent.

Before MARY M. SCHROEDER, Chief Judge.

## ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit,

3. In light of this holding, Doe's alternative request that the government be restricted in its line of questioning is denied. We note, however, that if the government strays from its previous lines of questioning and poses a question that appears likely to be derived from illegal surveillance, Doe might have a valid reason for refusing to answer. *See In re Bacon,* 466 F.2d 1196, 1197 (9th Cir.1972) (per curiam) ("We find nothing in section 3504 which precludes a grand jury witness from invoking that procedure *at any time* during the interrogation.") (emphasis added).

except to the extent adopted by the en banc court.

Karla H. ABATIE, Plaintiff–Appellant,

v.

ALTA HEALTH & LIFE INSURANCE COMPANY, a Delaware corporation, f/k/a Anthem Home Life Insurance Company, f/k/a Home Life Financial Assurance Company, Defendant–Appellee.

No. 03–55601.

United States Court of Appeals,
Ninth Circuit.

Feb. 6, 2006.

W. Todd Turley, Esq., Craig Price, Esq., Griffith & Thornburgh, Santa Barbara, CA, for Plaintiff–Appellant.

Jane A. O'Donnell, Esq., Bullivant, Houser & Bailey, Irvine, CA, R. Daniel Lindahl, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Defendant–Appellee.

Before MARY M. SCHROEDER, Chief Judge.

## ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit,

except to the extent adopted by the en banc court.

Ling ZHOU, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–74712.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Filed Feb. 7, 2006.